**FILED**
**MARCH 3, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1262**

| | | |
|---|---|---|
| WARREN BENNIE<br>11611 S. Olympic Lane<br>Plainfield, Illinois 60585 | : : : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : : | NO. _____ |
| MET-PRO CORPORATION<br>160 Cassell Road<br>Harleysville, PA 19438 | : : : : | **JUDGE COAR**<br>**MAGISTRATE JUDGE VALDEZ** |
| Defendant. | : | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § § 1332, 1441, and 1446, defendant Met-Pro Corporation ("Met-Pro") hereby respectfully removes the above-captioned action from the Circuit Court of the Eighteenth Judicial District, DuPage County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of its Notice of Removal, Met-Pro states the following:

1.  Warren Bennie ("Bennie"), by and through his attorneys, instituted a declaratory judgment action against Met-Pro by filing a Complaint in the Circuit Court of the Eighteenth Judicial District, DuPage County, Illinois (the "Complaint").

2.  A true and correct copy of the Complaint, as filed with the Circuit Court is attached hereto as Exhibit 1.

3.  Defendant Met-Pro was served with the Complaint by hand on January 31, 2008.

4.  No other process, pleading, or order has been served on Met-Pro in this action.

5.  Fewer than 30 days have passed since Met-Pro received service of the Complaint and Summons; this Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

6.  Upon information and belief, Bennie is an individual residing at 11611 S. Olympic Lane, Plainfield, Illinois. Upon information and belief, Bennie is a citizen of the State of Illinois for jurisdictional purposes.

7.  Defendant Met-Pro is incorporated under the laws of the State of Delaware with its principal place of business is at 160 Cassell Road, Harleysville, Pennsylvania. Pursuant to 28 U.S.C. § 1332, Met-Pro is a citizen of Delaware and Pennsylvania for jurisdictional purposes.

8.  Because Bennie is a citizen of Illinois and Met-Pro is a citizen of Delaware and Pennsylvania, there is complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332.

9.  Bennie's Complaint seeks declaratory and injunctive relief regarding the enforceability of the restrictive covenants contained in an agreement he entered into with Met-Pro. See Exhibit 1. If a plaintiff is seeking "an injunction or declaratory judgment, the amount in controversy is determined by the value to the plaintiff (or petitioner) of the object of the litigation." America's MoneyLine, Inc. v. Coleman, 360 F.3d 782, 786 (7th Cir. 2004). Also, the "cost a defendant incurs in complying with injunctive relief" can be considered when determining whether the amount in controversy requirement is met. Tropp v. Western-Southern Life Ins. Co., 2004 WL 1858369, at *4 (7th Cir. Aug.

20, 2004). Thus, a defendant will sufficiently meet its threshold requirement for removal regarding the amount in controversy in a declaratory judgment action by asserting that if a restrictive covenant in the alleged agreement is not enforced, the plaintiff would gain an unfair advantage such that defendant would suffer damages in excess of $75,000 to plaintiff's benefit. Cahill v. Ivex Novacel, Inc., 2004 WL 2064305, at *2 (N.D.Ill. Sept. 1, 2004).

10. Upon information and belief, if Plaintiff's Complaint is successful and, thus, the restrictive covenants in the agreement between Bennie and Met-Pro are not enforced, Bennie will gain an unfair advantage over Bennie that would cause damages to Met-Pro in excess of $75,000 and to Plaintiff's benefit. Thus, the amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs.

11. Under 28 U.S.C. § 1332(a)(2), this Court has original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a state and a citizen or subject of a foreign state.

12. This action is one over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because diversity of citizenship exists and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

14. Because this is an action over which federal district courts have original jurisdiction by virtue of diversity of citizenship and amount in controversy, and because DuPage County is within the Eastern Division of the Northern District of Illinois, this action is properly removed to the United States District Court for Northern District of Illinois, Eastern Division under 28 U.S.C. § 1441(a).

15. This Notice is timely under 28 U.S.C. § 1446(b) in that it is filed within 30 days after receipt by Met-Pro of the Complaint, the first pleading from which it could be ascertained that the case is removable.

16. Met-Pro will promptly give notice of the filing of this Notice of Removal to all adverse parties and shall file a copy with the Circuit Court of the Eighteenth Judicial District, DuPage County, Illinois in compliance with 28 U.S.C. § 1446(d).

17. Under these circumstances, removal is proper.

WHEREFORE, this action is hereby removed from the Circuit Court of the Eighteenth Judicial District, DuPage County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

By: __/s/James A. Fletcher__
James Fletcher, Esquire
**FLETCHER & SIPPEL, LLC**
29 North Wacker Drive
Suite 920
Chicago, IL 60606-2875
(312) 252-1509

Elizabeth A. Malloy, Esquire
David L. Hackett, Esquire
Kelly L. Bannister, Esquire
**BUCHANAN INGERSOLL & ROONEY, PC**
1835 Market Street
Philadelphia, PA 19103
(215) 665-8700

*Attorneys for Defendant Met-Pro Corporation*

Dated: March 3, 2008

## CERTIFICATE OF SERVICE

I certify that on March 3, 2008, I served a true and correct copy of the foregoing Notice of Removal, upon the following via first class United States Mail:

Kevin M. Lyons, Esquire
Rolewick & Gutzke, P.C.
1776 S. Naperville Road, Suite 104A
Wheaton, Illinois 60187

Attorney for Plaintiff


/s/James A. Fletcher
James Fletcher