**JUDGE COAR**
**MAGISTRATE JUDGE VALDEZ**

**08 C 1262**

| CIRCUIT COURT SUMMONS | COPY | 3101C (Rev.01/05) |
|---|---|---|
| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |

WARREN BENNIE, indivisually,
                  Plaintiff(s)

-VS-

MET-PRO CORPORATION,

a Delaware Corporation,

                  Defendant(s)

CASE NUMBER

07 MR 1852

File Stamp Here

## SUMMONS

To each defendant: MET-PRO CORPORATION
Serve: FlexKleen, 955 Hawthorn
Itasca, Illinois 60143

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the **Clerk of this Court, 505 North County Farm Road, Wheaton, Illinois** within 30 days after the service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of services and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS: **CHRIS KACHIROUBAS**, Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, at Wheaton, Illinois.

Dated January 31, 2008

**CHRIS KACHIROUBAS**

Clerk of the Eighteenth Judicial Circuit

Name: ROLEWICK & GUTZKE, P.C.
(Plaintiff or Attorney for Plaintiff)
DuPage Attorney Number: 72160
Address: 1776 S. Naperville Rd., Ste. 104A
City/State/Zip: Wheaton, IL 60187
Telephone: (630) 653-1577

NOTICE: The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing.

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person.)

IF YOU NEED LEGAL ADVICE CONCERNING YOUR LEGAL RESPONSIBILITY AS A RESULT OF THIS SUMMONS BEING SERVED UPON YOU AND YOU DON'T KNOW A LAWYER, YOU CAN CALL THE DU PAGE BAR ASSOCIATION *LAWYER REFERRAL SERVICE* AT (630) 653-9109.

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60189-0707

**EXHIBIT 1**

08/02/07-F:\FILES\BENNWA01\COURT PLEADINGS + DOCS\Complaint for Declaratory Judgment.docx9

IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

| | | |
|---|---|---|
| WARREN BENNIE, individually | ) 2007MR001852 | **FILED** Dec 21 2007 - 15:59 PM |
| Plaintiff, | ) Status Date: 04/18/08 | |
| v. | ) Assigned To: 2007No. | CLERK OF THE 18TH JUDICIAL CIRCUIT DU PAGE COUNTY ILLINOIS |
| MET-PRO CORPORATION, a Delaware Corporation | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, WARREN BENNIE, by and through his attorneys, ROLEWICK & GUTZKE, P.C., and for his Complaint for Declaratory Judgment against the Defendant, MET-PRO CORPORATION, states as follows:

1. The Plaintiff, Warren Bennie, ("Bennie") is an Illinois resident, who is an engineer by education, training and trade.

2. Bennie currently is employed as an engineer by Bennie Consulting Engineers, P.C.

3. Flex Kleen is a Division or Subsidiary of Defendant, Met-Pro Corporation, ("Met-Pro"), a Delaware Corporation that is publicly traded on the New York Stock Exchange.

4. At all times relevant hereto, Flex Kleen's offices were located at 955 Hawthorn Drive, Itasca, DuPage County, Illinois.

5. On February 13, 2006, Bennie signed a "[Sales] Agreement Relating to Confidential Information And Post-Employment Restrictions With Employment At Will Acknowledgment" with Flex Kleen at its offices in Itasca, DuPage County, Illinois, which was then signed by a company representative on February 15, 2006 ("Employment

Agreement"). A true and accurate copy of the Employment Agreement is attached hereto as Exhibit A.

6. Section 3 of the Employment Agreement, entitled "Restrictions on Competition," contains restrictions on Bennie's activities after the termination of his at-will employment with Flex Kleen.

7. Section 4 of the Employment Agreement, entitled "Non-Solicitation," contains restrictions on Bennie's activities after the termination of his at-will employment with Flex Kleen.

8. Bennie's employment with Flex Kleen, a division or subsidiary of Met-Pro, ended on August 31, 2006.

9. Subsequent to the termination of Bennie's at-will employment relationship with Met-Pro on August 31, 2006, Bennie engaged in certain business activities, including engineering consulting.

10. Met-Pro has asserted that the Employment Agreement prevents Bennie from engaging in competitive business activities.

11. Met-Pro has asserted that the Employment Agreement is an enforceable contract.

12. Bennie denies the enforceability of the restrictive covenants contained in the Employment Agreement.

13. Bennie also denies the validity of the Employment Agreement.

**WHEREFORE**, the Plaintiff, WARREN BENNIE, respectfully requests that this Honorable Court grant his Complaint for Declaratory Judgment and enter an Order:

    A. Finding that Section Three, "Restrictions on Competition", of the February 2006 "[Sales] Agreement Relating to Confidential Information And Post-Employment Restrictions With Employment At Will Acknowledgment"

2

between WARREN BENNIE and Flex Kleen, a Division of MET-PRO CORPORATION, is not enforceable as a matter of law;

B. Finding that Section Four, "Non-Solicitation", of the February 2006 "[Sales] Agreement Relating to Confidential Information And Post-Employment Restrictions With Employment At Will Acknowledgment" between WARREN BENNIE and Flex Kleen, a Division of MET-PRO CORPORATION, is not enforceable as a matter of law;

C. Finding that the February 2006 "[Sales] Agreement Relating to Confidential Information And Post-Employment Restrictions With Employment At Will Acknowledgment" between WARREN BENNIE and Flex Kleen, a Division of MET-PRO CORPORATION, is void as a matter of law; and

D. Granting any other relief deemed equitable and just.

Respectfully Submitted,

Warren Bennie

By: _____
One of his attorneys

David F. Rolewick, Esq.
davidr@rglawfirm.com
Kevin M. Lyons, Esq.
kevinl@rglawfirm.com
ROLEWICK & GUTZKE, P.C.
1776 S. Naperville Rd, Ste. 104A
Wheaton, Illinois 60187
Phone: (630) 653-1577
DuPage Atty No. 72160

3

[Sales]

Agreement Relating to Confidential Information
And Post-Employment Restrictions
With Employment At Will Acknowledgment

I, Warren Bennie, the undersigned, in consideration of my employment by Flex-Kleen, a Division or Subsidiary of Met-Pro Corporation, hereinafter referred to as the Company, and the salary, wages and benefits, as well as the information and training received by me from the Company during my employment, hereby agree as follows:

1. Confidential Information. I recognize and acknowledge that by reason of my employment by and service to the Company, I will have access to and will continue to have access to confidential information of the Company and its affiliates including, without limitation, information and knowledge pertaining to distribution and sales methods and systems, customer information and lists, pricing, suppliers and others who have business dealings with the Company and its affiliates, advertising, developments, inventions, discoveries, trade secrets, improvements, research, designs, innovations, plans, products, services, proprietary information, manufacturing and packaging information ("Confidential Information"). I acknowledge that such information is a valuable and unique asset of the Company and agree that I will not, either during my employment with the Company, or after my employment has terminated (whether voluntary or not, whether with or without cause), disclose any such Confidential Information to anyone other than an officer, director, employee, attorney or authorized agent of the Company (except as my duties in the employment by the Company require), without prior written authorization by the Company, unless such information is in the public domain through no fault of mine or except as may be required by law.

2. Protection of Confidential Information. All documents and tangible things embodying or containing the Company's Confidential Information are the Company's exclusive property. I have access to them solely for performing the duties of my employment by the Company. I will protect the confidentiality of their content and will return all of them and all copies, facsimiles and specimens of them and any other tangible forms of the Company's Confidential Information in my possession, custody or control to the Company before leaving the employment of the Company.

3. Restrictions on Competition. I agree that

(a). For a period of three (3) years after my employment by the Company ends, whether voluntarily or not, whether with or without cause, I will not, unless acting with the prior written consent of the Board of Directors, directly or indirectly own, manage, operate, join, control, finance or participate in the ownership, management, operation, control or financing of, or be connected as an officer, director, employee, partner, principal, agent, representative, consultant or otherwise, in any business enterprise in any territory in which I worked for the


EXHIBIT
'A'

Company in the two (2) years preceding the termination of my employment, which (i) develops or manufactures products which are competitive with or similar to products developed or manufactured by Company, (ii) distributes, markets or otherwise sells products manufactured by others which are competitive with or similar to products distributed, marketed or sold by Company, or (iii) provides services which are competitive with or similar to services provided by Company, including, in each case, any products or services Company has under development or which are subject of active planning at any time during my employment.

(b). The foregoing restriction shall not be construed to prohibit ownership by me of not more than five percent (5%) of any class of securities of any corporation which is engaged in any of the foregoing businesses having a class of securities registered pursuant to the Securities and Exchange Act of 1934, provided that such ownership represents a passive investment and that neither I nor any group of persons including myself in any way, directly or indirectly, manages or exercises control of any such corporation, guarantees any of its financial obligations, otherwise takes part in its business, other than exercising his rights as a shareholder.

4. **Non-Solicitation.** For a period of three (3) years after my employment by the Company ends, (whether voluntarily or not, whether with or without cause), I shall not, either directly or indirectly, for my own account or either as agent, servant or employee, or as a shareholder of any corporation or business organization, or member of any firm, partnership, association or other entity (a) call on or solicit any person, firm, corporation or other entity who or which at the time of such termination was, or two years prior thereto had been, a customer of the Company or a prospective customer of the Company (who was solicited by the Company during my employment); or (b) solicit the employment of any person who was employed by the Company on a full-time or part-time basis at the time of my termination of employment or two years prior thereto.

5. **Injunctive Relief and Reasonable Restrictions.** It is expressly understood, acknowledged and agreed by me that: (a) the restrictions contained in this Agreement represent a reasonable and necessary protection of the legitimate interests of the Company, and that my failure to observe and comply with the covenants and agreements in this Agreement may cause irreparable harm to the Company; (b) it is and will continue to be difficult to ascertain the nature, scope and extent of the harm to the Company; and (c) monetary damages will, in the event of such failure, be inadequate. Accordingly, it is the intention of the parties that, in addition to any other rights and remedies which the Company may have in the event of any breach of this Agreement, the Company shall be entitled, and is expressly and irrevocably authorized by me, to demand and obtain specific performance, including without limitation, temporary and permanent injunctive relief and all other appropriate equitable relief against me in order to enforce against me, or in order to prevent any breach or any threatened breach by me, of the covenants and agreements contained in this Agreement.

2

6. **Prayer for Reformation.** In the event that any of the provisions of Paragraphs 3 or 4 hereof should ever be adjudicated to exceed the time, geographic, product or service, or other limitations permitted by applicable law in any jurisdiction, then the Company and myself each knowingly and voluntarily request that any Court or factfinder before whom this Agreement is in controversy, reform the restrictions herein, if such reformation is necessary to make any of them enforceable, to the maximum time, geographic, product or service, or other limitations permitted by applicable law.

7. **Tolling of Restrictive Covenants During Violation.** If I violate the restrictions contained in this Agreement, I agree that the restrictive period of each covenant so violated shall be extended by a period of time equal to the period of such violation. It is the intent of this paragraph that the running of the restrictive period of a restrictive covenant shall be tolled during any violation of such covenant so that the Company shall get the full and reasonable protection for which it contracted and so that I may not profit by my own breach.

8. **Notification to Subsequent Employers.** For a period of three (3) years after my employment with the Company ends, I agree to notify any prospective employers of the existence of this Agreement.

9. **No Waiver.** The waiver by any party of any breach or default of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach.

10. **Modifications.** This Agreement may not be changed orally, but only by an agreement in writing duly executed on behalf of the party against which or whom enforcement of any waiver, change, modification, consent or discharge is sought.

11. **Severability.** If any term or provision of this Agreement is held or deemed to be invalid or unenforceable, in whole or in part, by a court of competent jurisdiction or other factfinder, such term or provisions shall be ineffective to the extent of such invalidity or unenforceability without rendering invalid or unenforceable the remaining terms and provisions of this Agreement. Any such invalid or unenforceable provision shall be construed to be valid and enforceable to the extent compatible with and possible under applicable law, and the parties hereto consent that the scope of any such provision may be judicially modified accordingly in any proceeding brought to enforce any of the provisions hereof.

12. **Succession and Assignment.** All of the terms of this Agreement shall be binding on and inure to the benefit of any successors, assigns or legal representatives of the Company. This Agreement may be assigned by the Company without prior notice to me and without my consent.

13. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without giving effect to any

3

choice or conflict of law provision or rule (whether of the Commonwealth of Pennsylvania or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the Commonwealth of Pennsylvania.

14. <u>Employment At Will Relationship</u>. Nothing in this Agreement shall be deemed to create a contract of employment for a specific term. My employment relationship is at-will and may be terminated at any time, at will by either the Company or me. No representation or statement by any Company employee or any document supersedes the foregoing or establishes an employment contract or any term thereof.

15. <u>Headings</u>. The headings of the paragraphs of this Agreement have been inserted for convenience of reference only and shall not restrict or modify any of the terms or provisions hereof.

16. <u>Entire Understanding</u>. This Agreement constitutes the entire understanding of the parties with respect to its subject matter.

By the Employee:

Dated: 02-13-2006

Signed: [signature]

By the Company:

Dated: 02-15-06

Signed: Kristy Reuling

4

KRLSPHJ1:Confidentiality Agreement-Sales